IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,846-01




EX PARTE CHARLIE JAMES COLLINS, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 15626B IN THE 104TH DISTRICT COURT
FROM TAYLOR COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
cocaine with intent to deliver and sentenced to forty years’ imprisonment. The Eleventh Court of
Appeals affirmed his conviction. Collins v. State, No. 11-08-00156-CR (Tex. App.–Eastland,
delivered May 21, 2009). 
            Applicant contends that he was denied the right to file a pro se petition for discretionary
review because after he timely placed his petition in the prison mail system, it was delivered to the
wrong address.
            Applicant has alleged facts that, if true, might entitle him to relief. Campbell v. State, No.
PD-1081-09 (Tex. Crim. App., delivered September 22, 2010). In these circumstances, additional
facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order the mailroom logs
from the Texas Department of Criminal Justice Institutional Division Unit where Applicant was
housed at the time he claims he placed his pro se petition for discretionary review into the prison
mail system to determine the merits of Applicant’s claim. The trial court may also use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant timely placed his pro se
petition for discretionary review into the prison mail system and whether his petition was addressed
to the Eleventh Court of Appeals, as required. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 17, 2010
Do not publish